UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:20cr143 (JAM)(TOF) |
| v. | Violations: |
| | 18 U.S.C. § 1951(a) (Hobbs Act Robbery) |
| TYIESE WARREN, a.k.a. "Loose Screw" | 18 U.S.C. § 924(c)(i)(A)(i) and (ii) (Carrying, Use and Brandishing of a Firearm During and in Relation to a Crime of Violence) |
| | 18 U.S.C. § 2119 (Carjacking) |
| | 18 U.S.C. § 2 (Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Interference with Commerce by Robbery)

1.   At all times relevant to this Indictment, Citgo 6M Service Station and Quik Mart (the "Commercial Victim"), located at 2000 Barnum Avenue, Stratford, Connecticut, was engaged in the business of selling fuel, Lotto tickets, and other goods and services in interstate commerce, and is in an industry which affects interstate commerce.

2.   On or about March 25, 2020, in the District of Connecticut, the defendant TYIESE WARREN, a.k.a. "Loose Screw," along with others unknown to the Grand Jury, did unlawfully obstruct, delay, and affect, and did attempt to unlawfully obstruct, delay, and affect commerce, as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery, as that term is defined in Title 18, United States Code, Section 1951, and aided and abetted in the same, in that WARREN did unlawfully take and

1

obtain, and cause to be taken and obtained, and aided and abetted another individual to take and obtain, United States currency and a cellular telephone from and in the presence of an employee and agent of the Commercial Victim, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person,

All in violation of Title 18, United States Code, Sections 1951 and 2.

## COUNT TWO
(Carrying, Use and Brandishing of a Firearm During and in Relation to a Crime of Violence)

3. On or about March 25, 2020, in the District of Connecticut, the defendant TYIESE WARREN, a.k.a. "Loose Screw," along with others unknown to the Grand Jury, did knowingly brandish, carry and use a firearm, and aided and abetted in the same, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Robbery as charged in Count One of this Indictment,

In violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) and 2.

## COUNT THREE
(Carjacking)

4. On or about March 25, 2020, in the District of Connecticut, the defendant TYIESE WARREN, a.k.a. "Loose Screw," along with others unknown to the Grand Jury, took, and aided and abetted the taking of, a motor vehicle, that is, a Toyota Corolla (CT Reg. AM84952), that had been transported, shipped, and received in interstate commerce, from and in the presence of M.S., an individual known to the Grand Jury, by force, violence, and intimidation, with the intent to cause death and serious bodily harm.

In violation of Title 18, United States Code, Sections 2119 and 2.

2

## FORFEITURE ALLEGATION
(Robbery Offenses)

5. Upon conviction of one or more of the offenses alleged in Count One and Count Three of this Indictment, the defendant TYIESE WARREN shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18 United States Code, Sections 1951 and 2119, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendant(s), cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a)(1), as incorporated by Title 28, United States Code, Section 2461(c), Title 21, United States Code, Section 853, and Rule 32.2(a), Federal Rules of Criminal Procedure.

## FORFEITURE ALLEGATION
(Firearm Offense)

7. Upon conviction of the firearm offense alleged in Count Two of this Indictment,

3

the defendant TYIESE WARREN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of the offense, including but not limited to the following: the black semi-automatic handgun with extended magazine and any all ammunition related thereto.

All in accordance with Title 18, United States Code, Section 924, and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

_____
LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

_____
PETER D. MARKLE
ASSISTANT UNITED STATES ATTORNEY

_____
KAREN L. PECK
ASSISTANT UNITED STATES ATTORNEY

_____
RAHUL KALE
ASSISTANT UNITED STATES ATTORNEY

_____
JOCELYN C. KAOUTZANIS
ASSISTANT UNITED STATES ATTORNEY